ELIZABETH MORGAN, ADMINISTRATRIX OF THE ESTATE OF JAMES MORGAN, Jr., DECEASED, PLAINTIFF-APPELLANT, v. JOSEPH H. VAN METER, FORMER SHERIFF OF CAMDEN COUNTY, DEFENDANT-RESPONDENT.

Submitted February 26, 1943—Decided April 29, 1943.

For the appellant, *Isadore H. Herman.*

For the respondent, *Sidney P. McCord, Jr.*

The opinion of the court was delivered by

PARKER, J. The theory of plaintiff's claim to a recovery was that she was administratrix of the estate of her deceased father James Morgan, Jr.; that in his lifetime he was a joint owner with Patrick Handbury of a mortgage of $12,000: that Morgan and Handbury filed a bill in January, 1929, to foreclose the mortgage, and that there was a final decree and *fieri facias* issued to the then sheriff, named Gross, who advertised a sale of the mortgaged premises and sold to Patrick Handbury for $5,500 in August, 1929, but that Sheriff Gross never delivered a deed. The execution named James Morgan, Jr., and Patrick Handbury as entitled to the proceeds of sale. It is stated in appellant's brief that "settlement with the

sheriff not having been made" by the purchaser pursuant to the conditions of sale, the succeeding sheriff, "E. Frank Pine, returned the writ to the court on May 19th, 1932" (citing page 108 of case). We do not find anywhere in the printed case submitted any such return: but for present purposes may assume it as a fact. Plaintiff further claimed, and the case shows, that after the lapse of some years, in 1938, Mary Handbury, daughter and devisee of Patrick Handbury, revived the matter and took proceedings in the foreclosure suit which resulted in an order that defendant Van Meter, then sheriff, execute and deliver the proper deed in consummation of the 1929 sale, to Mary Handbury "upon her complying with the conditions of sale entered into between said Patrick Handbury, complainant, and Walter T. Gross, former sheriff, and upon her paying to Joseph H. Van Meter, sheriff, legal fees and charges thereon." Deed was delivered to Mary Handbury accordingly by Sheriff Van Meter, but it seems to be admitted that he did not receive the amount of the bid in any form whatever. But it is insisted that it was the duty of Sheriff Van Meter to collect in cash the amount of the bid before delivery of any deed, or at least so much as represented the alleged half interest of Morgan, and pay it to plaintiff as his administratrix.

The case was tried before the judge without jury, and he found for the defendant on the ground that the statute of limitations, which had been duly pleaded, barred any right of action. To this we are unable to give our assent. Assuming for the moment as proved, the one-half interest of plaintiff in the net proceeds of sale, her action is not against former Sheriff Gross, who sold in 1929 but did not deliver a deed, and presumably did not collect any proceeds of sale. He may have been liable to a damage suit, or amercement, but that point is not before us. On the other hand, the order in Chancery of February 8th, 1938, directed Sheriff Van Meter to execute and deliver to Mary Handbury "a good and sufficient conveyance in law for the same land and premises purchased by the complainant Patrick Handbury, upon her complying with the conditions of sale entered into between said Patrick Handbury, complainant, and Walter T. Gross,

former sheriff, and upon her paying to Joseph H. Van Meter, sheriff, legal fees and charges thereon." One of those conditions was of course the payment of the bid, in cash or mortgagee's credit on the execution. Van Meter, as plaintiff concedes, did not collect the $5,500 or any part thereof: and if he became liable at all to the administratrix of Morgan as joint holder of the mortgage, his liability accrued when he delivered a deed without collecting the consideration.

But there is another aspect of the matter. Certain of the testimony points quite plainly to an association between Handbury and Morgan as partners or *quasi* partners: and to indicate that they had together owned the mortgaged premises, had sold them, and taken back the mortgage for unpaid purchase money. Certain other testimony tends to indicate that as between them, Morgan was indebted to Handbury and by word of mouth undertook to turn over to Handbury his interest in the mortgage. In fact Handbury's affidavit before the master asserts that he is the holder of the mortgage. True, there was apparently no formal assignment of Morgan's interest therein: but in equity that is not required. *Daly* v. *New York and Greenwood Lake Railway Co.*, 55 *N. J. Eq.* 595, and cases cited. There are clear indications in the evidence of a partnership, or at least a joint adventure. In either case the remedy as between the parties is in equity. *Jackson* v. *Hooper*, 76 *Id.* 185.

In the present case the plaintiff was demanding at the trial (as we understand the matter) half the money that she insisted Sheriff Van Meter should have collected. But before she could properly make any such demand she would have to have her claim of ownership in that half settled by decree of a court of equity, failing a settlement with the Handbury interest. We conclude therefore that the trial judge was right in refusing her a judgment, though wrong in basing his decision on the statute of limitations. He should have directed a nonsuit, with the suggestion that she have her rights in the sale price ascertained in the Court of Chancery.

The judgment under review is reversed, and the cause remitted to the Circuit Court to the end that a nonsuit be entered in that court.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, Rafferty, Thompson, JJ. 13.